UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WALTER BENN,

    Plaintiff,

vs.

JAMES NICHOLSON, SECRETARY
DEPT. OF VETERANS AFFAIRS

    Defendant.

Case No. 1:05-cv-380

Beckwith, C.J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (doc. 5) BE DENIED

This matter is before the Court on Plaintiff's motion for judgment on the pleadings. (Doc. 5)  Plaintiff initiated this action on June 1, 2005, by filing a *pro se* complaint against his employer, the Department of Veterans Affairs.  (Doc. 3)  Defendant has neither filed an answer to Plaintiff's complaint nor responded to the motion for judgment on the pleadings. The record, however, contains no indication that the named Defendant has waived service of process or that Plaintiff has served the named Defendant with a summons and the complaint.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the court shall extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351 (1999) (original italics).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendants.  *See Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone,* 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati,* 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States,* 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

Accordingly, because there is no evidence in the record that Defendant has been properly served with the summons and complaint, the undersigned **RECOMMENDS** that Plaintiff's motion for judgment on the pleadings (doc. 5) be **DENIED**.


*Date:* October 17, 2005                              s/ Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WALTER BENN,

    Plaintiff,                                                            Case No. 1:05-cv-380

vs.                                                                      Beckwith, C.J.
                                                                        Black, M.J.

JAMES NICHOLSON, SECRETARY
DEPT. OF VETERANS AFFAIRS

    Defendant.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).